**MOSS et al. v. AETNA STANDARD ENGINEERING CO.**

Civ. 8411.

United States District Court
E. D. New York.

May 18, 1948.

324

Sidney Szerlip, of Brooklyn, for plaintiffs.

Kaufman, Gallop, Climenko, Gould & Lynton, of New York City (Milton S. Gould, of New York City, of counsel), for defendant.

KENNEDY, District Judge.

This is a motion to compel one of the plaintiffs (George S. Moss) to answer questions addressed to him by the attorney for the defendant during the taking of a deposition under Federal Rules of Civil Procedure, rule 26, 28 U.S.C.A. In large measure, the questions which the plaintiff refused to answer were concerned with the sources of supply of certain material. The relevance of the questions is beyond debate. They were calculated to elicit information having a definite and important bearing on the damage phase of plaintiff's own claim.

Defendant moved for an order directing the plaintiff Moss to answer, and on the argument and in a letter written to me by the plaintiff's attorney, which I make part of the record, the conduct of the witness was sought to be defended on the specious ground that this defendant, an Ohio corporation, might possibly have some ulterior motive in inquiring into the plaintiffs' sources of supply, which is characterized as a "business secret". Even if plaintiff had taken the obvious course of seeking an order for protection under Rule 30(b), it is quite clear that answers would be compelled, because surely the name of the person supplying pins, bolts, dies and other material to the plaintiff does not come within the description of "secret processes, developments, or research".

At the argument I required the plaintiff's attorney to submit the answers to the questions in dispute. An examination of these, and of the deposition generally persuades me that the plaintiff Moss was quite wrong, even though he had the advice of an attorney, in taking it upon himself to refuse to answer questions so obviously proper and necessary.

I indicated at the argument that under F.R.C.P. Rule 37 I might feel called upon to compel the plaintiffs' attorney to pay the defendant's attorney a fee to compensate the latter for the unnecessary trouble of making a motion. On reflection, I have decided not to do this. But I order that the taking of the deposition be resumed at a time and place to be fixed by counsel, and that the questions be answered as well as any other questions which suggest themselves to defendant's counsel by reason of the answers now to be furnished. In the event counsel are unable to agree on a date and place for the resumption of the taking of the deposition, I will fix one.

While I trust there will be no repetition of incidents like the one which gave rise to this motion, I suggest that defendant's counsel had better submit an order embodying the terms of this memorandum, and that this order be served on the plaintiff Moss as well as on his attorney.